MAX N. TOBIAS, JR., Judge.
11 Marie Dennette Farwell Collins (“Collins”), the appellant, appeals a ruling of the trial court placing the appellee, James P. Farwell (“Farwell”), in possession of a legacy of his mother’s succession without requiring him to share in the expenses of administering the Succession. After reviewing the record and applicable law, we affirm the judgment.
The decedent, Marie Panfield Farwell, died on 20 October 2005, and was survived by two children: Farwell and Collins. The decedent’s last will and testament in notarial form, dated 17 June 2003, provided five particular bequests to Collins, to-wit: the decedent’s home and all of its contents, the decedent’s one-half interest in a condominium, and three investment accounts. The will also provided for one particular legacy to Farwell, consisting of all the decedent’s interest in the equity account number 495-07272-1-6, and any successor account, held with Edward Jones, a securities brokerage firm. While the decedent’s will provided that the remainder of her estate was to be divided equally between Collins and Far- *125 well, the particular bequests to her children comprised the entirety of the estate, leaving no residual. The decedent appointed Farwell as the executor of her estate; 1 .¿however, Farwell declined the appointment and, on 16 November 2005, Collins was appointed dative testamentary executrix of the decedent’s succession.
On 13 November 2007, Farwell filed a Petition for Possession seeking to be placed in possession of the particular legacy. While Collins did not object to Far-well being placed in possession, Collins opposed the rule arguing that she had incurred substantial legal fees and other administrative expenses as Executrix, some of which she claimed Farwell was obligated to pay. Farwell refused to pay the claimed expenses on the basis that, as a particular legatee, and by virtue of La. C.C. arts. 1423 and 1424, he was not responsible for paying estate debts of the decedent or administration expenses.
The matter came for hearing on 22 February 2008, and on 5 March 2008, the trial court rendered a judgment that ordered that Farwell be placed into possession of the particular legacy account number 2280-0101 with Linsco/Private Ledger (formerly, equity account number 495-07272-1-6), and ordered that he not be taxed with succession expenses. In its reasons for judgment, the trial court determined that Collins was, in fact, the universal legatee of the succession of the decedent and, as such, there was no requirement under La. C.C. arts. 1423 and 1424 for Farwell, as a particular legatee, to pay any of the succession expenses.
La. C.C. art. 1423 states:
Debts of the decedent are charged ratably to property that is the object of general or universal legacies and to property that devolves by intestacy, valued as of the date of death. When such property does not suffice, the debts remaining are charged in the following order:
(1) Ratably to the fruits and products of property that is the object of general or universal legacies and of property that devolves by intestacy; and h(2) Ratably to the fruits and products of property that is the object of particular legacies, and then ratably to such property.
La. C.C. art. 1424 states:
Administration expenses are charged ratably to the fruits and products of property that is the object of the general or universal legacies and property that devolves by intestacy. When the fruits and products do not suffice to discharge the administration expenses, the remaining expenses are charged first to the property itself, next to the fruits and products of property that is the object of particular legacies, and then to the property itself.
We note that in pertinent part, the Official Revision Comment to article 1424 states:
(a) Consistent with the provisions of Article 1423, which refers to debts of the decedent, this article sets forth the identical principle for administration expenses, namely that they are not charged to particular legacies but rat-ably to the fruits and products of general or universal legacies and the property that passes by intestacy. The basic distinction between Articles 1423 and 1424 is that Article 1423 refers to “debts of the decedent” and Article 1424 refers to “administration expenses.” Debts of the decedent are charged to the property of the estate, but administration expenses are charged to the fruits and products of the property. If the fruits and products are insufficient, then the administration expenses are charged to the property *126 itself. The creditors are entitled, of course, to be paid out of either source, and if the property that is the object of general or universal legacies is not sufficient, either by virtue of its fruits and products or of the property itself, then the administration expenses are charged to the fruits and products of the particular legacies, and if that resource, too, is not sufficient, then they are charged to the property that is the object of the particular legacy itself. In all instances, where there are several items of property among which the charge may be allocated, the charge is made ratably.
(b) This article, in conjunction with Article 1428, attempts to set forth a priority, allocating the decedent’s debts to property of the estate and administration expenses to revenues of the estate, then further breaking down those categories so that particular legacies do not |4bear any responsibility for these expenses unless they fall within one of the recognized exceptions, such as being encumbered to secure a debt or having a debt attributable to the object of the particular legacy as identifiable property.
(c) In most instances professional fees such as the fees of the attorney who handles the estate, or accounting fees, or the compensation paid to the executor are incurred in part for administration purposes and in part as a result of the death of the decedent, so that they should be allocated partially to principal and partially to income.
Collins filed a motion for new trial, which was denied, and the instant appeal ensued.
The sole issue presented herein is whether the trial court erred in placing Farwell into possession of his particular legacy without requiring him to share in the expenses of the administration of the estate.
We first determine the legal status of each party. It is undisputed that the five particular bequests to Collins comprised the decedent’s entire estate with the exception of the one particular legacy to Farwell. The parties also agree that no residual estate exists once the bequests are made.
Pursuant to La. C.C. art. 1585 which states in pertinent part:
A universal legacy is a disposition of all of the estate, or the balance of the estate that remains after particular legacies.
Comment (a) of the 1997 Revision Comments to article 1585 states that:
This Article retains the name of the “universal” legacy and codifies the principle that such a legacy need not be of the entire estate, so long as it is a legacy of the residuum of the estate remaining after particular dispositions.
In addition, La. C.C. art. 1587 states:
[¡¡A legacy that is neither general nor universal is a particular legacy.
Comment (a) of the 1997 Revision Comments to article 1587 states that: “[i]n one sense, however, it defines the particular legacy in the negative by providing that it is any disposition that is not either of the other two types of legacies.”
While the will indicates that Collins is a particular legatee, she received the remainder of the estate after the particular legacy to Farwell. Thus, under the law, we find, as did the trial court, that Collins is the universal legatee and Farwell is a particular legatee.
As a particular legatee, Farwell is not responsible for any debts or administrative expenses of the succession in accordance with La. C.C. arts. 1423 and 1424.
*127 Based on the foregoing, we affirm the judgment of the trial court, each party to bear his or her own costs.

AFFIRMED.